ERICK M. FERRAN, ESQ.
Nevada State Bar No. 9554
HITZKE & FERRAN LLP.
2110 East Flamingo Road, Suite 206
Las Vegas, Nevada 89119
*Telephone No.: (702) 476-9668*
*Facsimile No.: (702) 462-2646*
*erick.ferran@hitzkelaw.com*
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARCUS JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; JESSICA ROGERS, individually; NICHOLAS MADSEN, individually; LVMPD DOE OFFICERS 1 through 10, inclusive; LVMPD DOE SUPERVISORS 11 through 20, inclusive; and DOES 21 through 30, inclusive,<br><br>Defendant. | **CASE NO.: 2:26-cv-02023**<br><br>**STIPULATED DISCOVERY PLAN**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Local Rule 26-1(a) and Fed. R. Civ. P. 26(f), counsel for the parties conducted a Rule 26(f) discovery conference on September 8, 2026. After conferring about the nature and basis of the claims and defenses, the possibilities for promptly resolving the case, and a proposed discovery plan, the parties, by and through their undersigned counsel, submit the following Joint Proposed Discovery Plan and Scheduling Order. The proposed deadlines do not fall within the presumptive periods set by LR 26-1(b) and given the nature of the case and the issues involved the parties request special scheduling review.

**DISCOVERY PLAN**

**1. Initial Disclosures:** The parties will exchange their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **October 2, 2026**. The parties do not propose any changes to the timing, form, or requirement of initial disclosures other than as set forth herein.

**2.** **<u>Subjects on Which Discovery May Be Needed:</u>** This civil-rights action arises from Plaintiff Marcus Johnson's arrest, pretrial detention, and prosecution on felony charges that were later voluntarily dismissed. Plaintiff alleges that LVMPD detectives and supervisory personnel failed to adequately investigate material exculpatory evidence, omitted or misrepresented information bearing on witness credibility and probable cause, failed to timely obtain and evaluate cellular-location, GPS, social-media, and other electronic evidence, and caused or permitted criminal proceedings and detention to continue after probable cause had materially dissipated. Plaintiff further asserts claims concerning judicial deception, deliberate fabrication or misrepresentation of evidence, malicious prosecution/unreasonable seizure, deprivation of familial association, failure to intervene, conspiracy, and municipal liability under *Monell* based on alleged policies, customs, practices, failures to train or supervise, and ratification. The LVMPD Defendants deny Plaintiff's allegations. Discovery is anticipated regarding the underlying criminal investigation and prosecution; witness interviews and credibility assessments; arrest-warrant and probable-cause submissions; the collection, preservation, review, and disclosure of exculpatory and impeachment evidence; cellular-location, GPS, social-media, and related digital evidence; communications among investigators, supervisors, prosecutors, and other relevant persons; supervisory review and decision-making; LVMPD policies, customs, training, supervision, discipline, and notice of allegedly similar misconduct; Plaintiff's arrest, incarceration, release, and the dismissal of the criminal charges; Plaintiff's claimed economic, emotional, reputational, and familial-association damages; as well as the LVMPD Defendants' affirmative defenses. The parties do not presently believe discovery should be conducted in phases or limited to particular issues but reserve the right to seek such limitations if warranted.

**3.** **Discovery Cut-Off Date:** LR 26-1(b)(1) provides that, unless otherwise ordered, discovery periods longer than 180 days from the date the first defendant answers or otherwise appears require special scheduling review.

Here, the first Defendant filed its Answer on July 28, 2026. The parties propose an extended discovery period of one (1) year, with discovery closing on **July 28, 2027**. Because the proposed

discovery period exceeds the presumptive 180-day period under LR 26-1(b)(1), the parties respectfully request special scheduling review.

The parties respectfully request special scheduling review of the proposed Discovery Plan and Scheduling Order in light of the nature, scope, and complexity of this civil-rights action. Discovery is expected to involve multiple constitutional claims against individual law-enforcement officers and LVMPD; issues concerning the underlying criminal investigation, probable-cause determinations, warrant materials, witness credibility, and allegedly exculpatory electronic and cellular-location evidence; supervisory and failure-to-intervene theories; municipal liability under *Monell*, including discovery concerning LVMPD policies, customs, practices, training, supervision, and discipline; and substantial damages discovery relating to Plaintiff's incarceration, alleged economic losses, emotional distress, reputational harm, and alleged deprivation of familial association. The parties therefore respectfully request that the Court conduct special scheduling review and approve the deadlines set forth herein.

**4. Amending the Pleadings and Adding Parties:** Any motion to amend the pleadings or to add parties shall be filed on or before **April 29, 2027**, which is 90 days before the discovery cut-off.

**5. Expert Disclosures:** Disclosures of experts and expert reports under Fed. R. Civ. P. 26(a)(2) shall be made as follows: initial expert disclosures shall be served on or before **May 28, 2027**, which is at least 60 days before the discovery cut-off, and rebuttal expert disclosures shall be served on or before **June 28, 2027**, which is the next court day following the 30-day rebuttal period after the initial expert disclosure date.

**6. Dispositive Motions:** Dispositive motions, if any, shall be filed on or before **August 27, 2027**, which is 30 days after the discovery cut-off.

**7. Pretrial Order:** The Joint Pretrial Order shall be filed on or before **September 27, 2027**. The 30TH day following the dispositive-motion deadline falls on Sunday, September 26, 2027; therefore, pursuant to Fed. R. Civ. P. 6(a), the deadline extends to the next court day. If dispositive motions are filed, the deadline for filing the Joint Pretrial Order shall be suspended until 30 days after the Court's decision on the dispositive motions. The disclosures

required under Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the Joint Pretrial Order.

**8.** **<u>Electronically Stored Information:</u>** The parties have discussed the disclosure, discovery, and preservation of electronically stored information ("ESI") under Fed. R. Civ. P. 26(f)(3)(C). Relevant ESI may include investigative databases and reports, emails and other electronic communications, cellular-location and GPS records, social-media and platform records, digital photographs or recordings, electronically maintained warrant and charging materials, and other electronic evidence relating to the investigation, prosecution, supervision, and alleged damages at issue. The parties agree to produce ESI in a reasonably usable form—ordinarily as searchable PDF or single-page TIFF images with associated load files, or in native format where appropriate—and to meet and confer in good faith regarding preservation, metadata, native-format production, confidentiality, privilege, and any other specific ESI issues that arise. The parties do not anticipate ESI issues that require court intervention at this time.

**9.** **<u>Alternative Dispute Resolution:</u>** The parties met and conferred regarding the possibility of using alternative dispute resolution processes, including settlement conference, mediation, and arbitration. The parties agree that alternative dispute resolution would be most beneficial after conducting discovery.

**10.** **<u>Alternative Forms of Case Disposition:</u>** The parties met and conferred regarding consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program. The parties do not consent to have this matter tried by a magistrate judge or heard under the Short Trial Program at this time, but they are willing to revisit these options at a later time.

**11.** **<u>Electronic Evidence:</u>** The parties discussed whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations. Currently, the parties have not made any stipulations regarding providing discovery in an electronic format compatible with the Court's electronic jury evidence display system.

**12.** **<u>Inadvertent Disclosure:</u>** Pursuant to Fed. R. Evid. 502(d) and (e), the parties agree, and request that entry of this order establish, that the inadvertent or mistaken production or

disclosure of documents or other information subject to the attorney-client privilege, the work-product doctrine, or any other privilege or protection shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information, for purposes of this or any other litigation. If a producing party inadvertently produces or otherwise discloses to a receiving party information that is subject to such privilege or immunity, the producing party shall promptly upon discovery of the disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned, stricken, or otherwise appropriately handled to reverse the inadvertent disclosure. The receiving party shall return all copies of the inadvertently produced material within five business days of receipt of the request and shall otherwise cooperate to fulfill this agreement. Any notes or summaries referring or relating to any inadvertently produced privileged material shall be destroyed.

**13.** **Modifications of Discovery Limits:** The parties believe they can complete discovery without exceeding the standard limits on depositions and interrogatories imposed by the Federal Rules of Civil Procedure and the Local Rules, and do not request any changes to those limits at this time.

RESPECTFULLY SUBMITTED

DATED this 8TH day of September 2026.

**HITZKE & FERRAN LLP.**

*/s/ Erick M. Ferran, Esq.*
ERICK M. FERRAN, ESQ.
Nevada State Bar No. 9554
2110 East Flamingo Road, Suite 206
Las Vegas, Nevada 89119
*Telephone No.: (702) 476-9668*
*Facsimile No.: (702) 462-2646*
*erick.ferran@hitzkelaw.com*
*Attorneys for Plaintiff*

**SEMENZA RICKARD LAW**

*/s/ Katie L. Cannata, Esq.*
Lawrence J. Semenza, III, Esq.
Nevada State Bar No. 7174
Katie L. Cannata, Esq.
Nevada State Bar No. 14848
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
*Telephone: (702) 835-6803*
*Facsimile: (702) 920-8669*
*ljs@semenzarickard.com*
*klc@semenzarickard.com*
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARCUS JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; JESSICA ROGERS, individually; NICHOLAS MADSEN, individually; LVMPD DOE OFFICERS 1 through 10, inclusive; LVMPD DOE SUPERVISORS 11 through 20, inclusive; and DOES 21 through 30, inclusive,<br><br>Defendant. | **CASE NO.: 2:26-cv-02023**<br><br>**STIPULATED DISCOVERY PLAN**<br><br>**ORDER** |

**ORDER GRANTING STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER AND SPECIAL SCHEDULING REVIEW**

The Court, having reviewed the parties' Stipulated Discovery Plan and Scheduling Order, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that the parties' Stipulated Discovery Plan and Scheduling Order is **GRANTED** and **APPROVED**.

The Court finds that special scheduling review is warranted under Local Rule 26-1 in light of the nature, scope, and complexity of this action, including the anticipated discovery concerning the underlying criminal investigation and prosecution, probable-cause determinations, warrant materials, witness credibility, electronically stored information and cellular-location evidence, supervisory and failure-to-intervene theories, municipal liability under *Monell*, and Plaintiff's alleged damages. The Court therefore approves the parties' request for an extended discovery period beyond the presumptive period set forth in LR 26-1(b).

**IT IS FURTHER ORDERED** that the following deadlines shall govern this action:

1. Initial Disclosures: October 2, 2026;
2. Amend Pleadings/Add Parties: April 29, 2027;
3. Initial Expert Disclosures: May 28, 2027;

4. Rebuttal Expert Disclosures: June 28, 2027;
5. Discovery Cut-Off: July 28, 2027;
6. Dispositive Motions: August 27, 2027; and
7. Joint Pretrial Order: September 27, 2027, unless dispositive motions are filed, in which event the deadline for filing the Joint Pretrial Order shall be suspended until thirty (30) days after entry of the Court's decision on the dispositive motions.

**IT IS FURTHER ORDERED** that the parties shall comply with the provisions of their Stipulated Discovery Plan concerning electronically stored information, alternative dispute resolution, electronic evidence, inadvertent disclosure under Federal Rule of Evidence 502(d) and (e), and the discovery limits prescribed by the Federal Rules of Civil Procedure and the Local Rules. The parties specifically requested that inadvertent production of privileged or protected information not constitute a waiver and established procedures for the return and handling of such material.

**IT IS SO ORDERED.**

United States Magistrate Judge
9-17-26